DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES ECKMAN,**

        **Plaintiff,**

v.

        CIVIL ACTION

        No. 05-2318-KHV-DJW

**SUPERIOR INDUSTRIES INTERNATIONAL, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend Complaint (doc. 11). For the reasons set forth below, Plaintiff's Motion will be denied.

### I. Introduction and Background

Plaintiff is proceeding pro se. In his initial Complaint, Plaintiff alleges that Defendants retaliated against him in violation of Title VII of the Civil Rights Act of 1964.[1] Plaintiff seeks leave to amend his Complaint to delete the Title VII claim and plead only a cause of action for common law wrongful discharge. Plaintiff asserts that because he has limited resources and limited access to legal materials, he only recently discovered that Title VII does "not apply" to his case.[2]

In his Proposed Amended Complaint, Plaintiff states that he is a citizen of Kansas. He also states that Defendant Tim Rakestraw is a citizen of Kansas and that Defendant Superior Industries International

---

[1] 42 U.S.C. §§ 2000e, *et seq.*

[2] Plf.'s Mot. to Amend (doc. 11) at p. 1.

is a corporation incorporated under the laws of Kansas.

## II.     Standard for Ruling on a Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[3]  Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[4]  Leave to amend, however, is to be "freely given when justice so requires,"[5] and the Supreme Court has emphasized that "this mandate is to be heeded."[6]  The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent abuse of that discretion.[7]

Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8]  A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss.[9]

## III.    Discussion

Here, it appears that the Court lacks subject matter jurisdiction over Plaintiff's proposed wrongful

---

[3]Fed. R. Civ. P. 15(a).

[4]*Id.*

[5]*Id.*

[6]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[8]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[9]*Lyle v. Commodity Credit Corp.*, 898 F.Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

discharge claim, and that allowing Plaintiff leave to amend would prove futile. Thus, to determine whether Plaintiff should be granted leave to amend, the Court will address Plaintiff's proposed wrongful discharge claim as if it were before the Court on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

In ruling on a Rule 12(b)(1) motion to dismiss, the Court accepts as true all well pleaded facts in the proposed amended complaint and views them in a light most favorable to the plaintiff.[10] The Court will make all reasonable inferences in favor of the plaintiff, and will liberally construe the proposed pleading.[11] This is particularly true in the case of a complaint drafted by a pro se plaintiff.[12] Typically, pro se complaints are held to less stringent standards than pleadings drafted by lawyers.[13] At the same time, however, pro se litigants are expected to comply with all jurisdictional requirements, and the Court will not assume the role of advocate for a pro se litigant.[14]

"Federal courts are courts of limited jurisdiction; they may exercise jurisdiction only when specifically authorized to do so."[15] The party invoking jurisdiction has the duty to establish that federal

---

[10]*Wenz v. Memery Crystal,* 55 F.3d. 1503, 1505 (10th Cir. 1995); *Cheyenne-Arapaho Gaming Comm'n v. Nat'l Indian Gaming Comm'n*, 214 F. Supp. 2d. 1155, 1160 (N.D. Okla. 2002).

[11]*Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir.1993).

[12]*Oltremari v. Kan. Soc. & Rehab. Serv*., 871 F. Supp. 1331, 1333 (D. Kan.1994).

[13]*Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992).

[14]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15]*Glazer's Wholesale Drug Co. v. Kan.*, 92 F. Supp. 2d 1228, 1230 (D. Kan. 2000).

jurisdiction exists.[16] A court may possess subject matter jurisdiction over a case based on federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A court may also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

Plaintiff's common law wrongful discharge claim does not confer federal question jurisdiction on this Court, inasmuch as common law wrongful discharge does not arise "under the Constitution, laws, or treaties of the United States."[17] Rather, it arises under the common law of the state of Kansas.

In order for this Court to have diversity jurisdiction, the case must be between citizens of different states.[18] According to Plaintiff's Proposed Amended Complaint, however, all parties in this case are citizens of Kansas. As this case is not between citizens of different states, this Court does not have diversity jurisdiction.

Plaintiff no longer asserts his Title VII claim, over which this Court had original jurisdiction. Therefore, this Court has no supplemental jurisdiction over Plaintiff's wrongful discharge claim under 28 U.S.C. § 1367.

In light of the above, Plaintiff has failed to establish that federal jurisdiction exists. Consequently, his proposed Amended Complaint could not survive a motion to dismiss for lack of subject matter jurisdiction. The Court therefore holds that allowing Plaintiff leave to amend to plead only a cause of action for wrongful discharge would be futile. Accordingly, the Court denies Plaintiff's Motion to Amend Complaint.

---

[16] *Id.*

[17] 28 U.S.C. § 1331.

[18] 28 U.S.C. § 1332(a).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (doc.11) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of January, 2006.

<u>s/David J. Waxse</u>
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties