IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES H. ECKMAN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2318-KHV |
| SUPERIOR INDUSTRIES INTERNATIONAL, INC. ) | |
| and TIM RAKESTRAW, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff *pro se* filed suit against his former employer, Superior Industries International, Inc., and his former supervisor, Tim Rakestraw, alleging that defendants retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended. This matter comes before the Court on defendants' Motion To Dismiss (Doc. #3) filed October 4, 2005. Also before the Court are plaintiff's Motion To Dismiss Party Tim Rakestraw (Doc. #14) and plaintiff's Motion To Amend Complaint (Doc. #15), both filed January 31, 2006.

Plaintiff's complaint alleges that defendants terminated his employment in violation of Title VII. See Complaint (Doc. #1) filed July 25, 2005. In their motion to dismiss under Fed. R. Civ. P. 12(b)(1), defendants argue that the Court lacks subject matter jurisdiction because plaintiff has not alleged that he is a member of a protected class under Title VII. In response to defendants' motion, plaintiff states that he misinterpreted the scope of Title VII.

On December 19, 2005, plaintiff filed a motion to amend his complaint to delete his claim under Title VII, stating that he only recently discovered that Title VII "does not apply" to his case.

-1-

Plaintiff sought to assert a claim for common law wrongful discharge. <u>See</u> Doc. #11. Magistrate Judge David J. Waxse overruled plaintiff's motion to amend, stating as follows:

> Federal courts are courts of limited jurisdiction; they may exercise jurisdiction only when specifically authorized to do so." The party invoking jurisdiction has the duty to establish that federal jurisdiction exists. A court may possess subject matter jurisdiction over a case based on federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A court may also exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.
>
> Plaintiff's common law wrongful discharge claim does not confer federal question jurisdiction on this Court, inasmuch as common law wrongful discharge does not arise "under the Constitution, laws, or treaties of the United States."[1] Rather, it arises under the common law of the state of Kansas.
>
> In order for this Court to have diversity jurisdiction, the case must be between citizens of different states. According to Plaintiff's Proposed Amended Complaint, however, all parties in this case are citizens of Kansas. As this case is not between citizens of different states, this Court does not have diversity jurisdiction.
>
> Plaintiff no longer asserts his Title VII claim, over which this Court had original jurisdiction. Therefore, this Court has no supplemental jurisdiction over Plaintiff's wrongful discharge claim under 28 U.S.C. § 1367.
>
> In light of the above, plaintiff has failed to establish that federal jurisdiction exists. Consequently, his proposed Amended Complaint could not survive a motion to dismiss for lack of subject matter jurisdiction. The Court therefore holds that allowing Plaintiff leave to amend to plead only a cause of action for wrongful discharge would be futile.

<u>See</u> <u>Memorandum And Order</u> (Doc. #12) at 3-4 (footnotes omitted altered). Plaintiff has conceded that he has no Title VII claim. Plaintiff has now filed motions to dismiss Tim Rakestraw and file an amended complaint. The proposed amended complaint invokes diversity jurisdiction under 28 U.S.C. § 1332(a). <u>See</u> Doc. # 15, Ex. 1. It alleges state law contract and retaliation claims against only Superior Industries, International, which plaintiff alleges is a California company. Superior Industries

---

[1] 28 U. S. C. § 1331.

has not responded to plaintiff's motion to file an amended complaint, and the Court finds that the motion should be sustained.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Dismiss Party Tim Rakestraw (Doc. #14) filed January 31, 2006 and plaintiff's Motion To Amend Complaint (Doc. #15) filed January 31, 2006 be and hereby are **SUSTAINED**. Tim Rakestraw is dismissed from the case. **The Clerk is directed to detach and file the proposed amended complaint**.

**IT IS FURTHER ORDERED** that defendants' Motion To Dismiss (Doc. #3) filed October 4, 2005, be and hereby is **OVERRULED AS MOOT**.

Dated this 27th day of February, 2006 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge