IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES H. ECKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2318-KHV |
| SUPERIOR INDUSTRIES INTERNATIONAL, INC., ) | |
| and TIM RAKESTRAW, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff *pro se* filed suit against his former employer, Superior Industries International, Inc., and his former supervisor, Tim Rakestraw, alleging that defendants retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended. On February 27, 2006, the Court sustained plaintiff's motions to dismiss Rakestraw and to file an amended complaint alleging a state law claim for retaliation against Superior Industries based on diversity jurisdiction. This matter comes before the Court on the Motion To Dismiss (Doc. #19) which Superior Industries filed March 15, 2006.

Legal Standard

In ruling on a Rule 12(b)(6) motion, the Court accepts as true all well pleaded facts and views them in a light most favorable to plaintiff. Zinermon v. Burch, 494 U.S. 113, 118 (1990). The Court makes all reasonable inferences in favor of plaintiff, and liberally construes the pleadings. Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that plaintiff can prove

-1-

no set of facts which would entitle him to relief. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan., 927 F.2d 1111, 1115 (10th Cir. 1991). Although plaintiff need not precisely state each element of his claim, he must plead minimal factual allegations on material elements that must be proved. Hall v. Bellmon, 935 F .2d 1106, 1110 (10th Cir. 1991). Defendant bears the burden to show that plaintiff cannot prove any set of facts which would entitle him to relief. See, e.g., Gould Elec. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998); Schrag v. Dinges, 788 F. Supp. 1543, 1552 (D. Kan. 1992).

**Facts**

Plaintiff alleges the following facts:

On March 2, 2005, plaintiff was working as a team leader at the Superior Industries plant in Pittsburg, Kansas. Plaintiff spoke with Leo Sievert, in the human resources department, about the emergency lighting in the work area. Plaintiff relayed his safety concern that when the lights went out due to a power outage, workers could not see to get out. Plaintiff told Sievert that he had contacted the codes enforcement office of the City of Pittsburg and asked about emergency lighting codes.[1] Sievert told plaintiff that he would contact Tim Rakestraw, safety officer for Superior Industries.

On March 3, 2005, Rakestraw suspended plaintiff for an alleged safety violation. On March 7, 2005, Superior Industries terminated plaintiff's employment, citing "inappropriate behavior in the workplace." Plaintiff asserts that Rakestraw falsely accused him of the safety violation to camouflage retaliation against plaintiff for citing a perceived safety concern.

---

[1] Plaintiff had called the city anonymously, but he did not tell Sievert this fact.

**Analysis**

Defendant seeks dismissal of plaintiff's case under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim on which relief can be granted. Specifically, defendant argues that Kansas is an at-will employment state and that plaintiff has not set forth facts to allege an applicable exception to this doctrine.

At-will employment is the general rule in Kansas. See Flenker v. Willamette Indus., Inc., 266 Kan. 198, 200 (1998). Kansas courts, however, have recognized public policy exceptions to the at-will employment doctrine. See id. One such exception is commonly referred to as the "whistleblower" exception. This exception, first announced in Palmer v. Brown, 242 Kan. 893 (1988), provides a cause of action for retaliatory discharge where an employee is terminated for reporting to company management or law enforcement serious legal violations by co-workers or the employer. Koehler v. Hunter Care Ctrs., Inc., 6 F. Supp.2d 1237, 1241 (D. Kan. 1998) (citing Palmer, 242 Kan. at 900).

To set out a whistleblower claim, plaintiff must allege that (1) a reasonable person would have concluded that co-worker or company activities violated rules pertaining to public health, safety and general welfare; (2) defendant had knowledge of plaintiff's reporting of such a violation before terminating him; and (3) defendant terminated plaintiff for making the report. Palmer, 242 Kan. at 900. Defendant asserts that plaintiff has not set forth facts to survive a motion to dismiss. As set out above, however, plaintiff has alleged sufficient facts to set forth a claim of retaliatory discharge under Kansas law.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #19) filed March 15, 2006 be and hereby is **OVERRULED**.

Dated this 9th day of May, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
