IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES H. ECKMAN

        Plaintiff,

v.                                    Case No. 05-2318-DJW

SUPERIOR INDUSTRIES
INTERNATIONAL, INC., et al.,

        Defendants.

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Reconsider (doc. 93) the Court's July 2, 2007 Memorandum and Order, which granted Defendant's Motion for Summary Judgment. Plaintiff's Motion to Reconsider is subject to D.Kan. Rule 7.3(a) and Fed. R. Civ. P. 59(e). The decision whether to grant or deny a motion to reconsider is committed to the Court's sound discretion.[1]

A Rule 59(e) motion stands on limited grounds.[2] A Rule 59(e) motion does not make appropriate the revisiting of issues already considered or the arguing of matters not raised in prior briefs.[3] Put another way, a party is not to pursue such a motion in order to rehash previously rejected

---

[1] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir .1988).

[2] *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.")

[3] *Servants of Paraclete v. Does*, 204 F.3d at 1012.

arguments or to offer new legal theories or facts.[4] Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[5]

As his first argument in support of reconsideration, Plaintiff asserts Defendant "is not free of fraud or other unfair conduct" and that the doctrine of unclean hands should have been applied in this case. In support of this assertion, Plaintiff provides the following description of the doctrine:

> "Unclean Hands" - n. a legal doctrine which is a defense to a complaint, which states that a party who is asking for a judgment cannot have the help of the court if he/she has done anything unethical in relation to the subject of the lawsuit. Thus, if a defendant can show the plaintiff had "unclean hands," the plaintiff's complaint will be dismissed or the plaintiff will be denied judgment. Unclean hands is a common "affirmative defense" pleaded by defendants and must be proved by the defendant.[6]

The Court rejects Plaintiff's "unclean hands" argument in support of reconsideration. First, Plaintiff fails to allege that the doctrine of unclean hands constitutes an intervening change in the controlling law, that Defendant's alleged unfair behavior consists of new evidence previously unavailable, or that application of the unclean hands doctrine works to correct clear error or prevent manifest injustice. Pleading the words "unclean hands" without more, as Plaintiff has done, is not a sufficient basis for reconsideration, especially since the doctrine is typically utilized as a defense or affirmative defense. Simply put, Plaintiff's Motion offers no indication as to how the doctrine of unclean hands would have prevented summary judgment on his claims.

The balance of the arguments asserted by Plaintiff in support of reconsideration merely rehash arguments made by Plaintiff that were ultimately rejected by the Court in the underlying

---

[4] *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan.1997).

[5] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

[6] Plaintiff's Motion to Reconsider (doc. 93) at Exhibit 1, p.3.

Memorandum and Order granting judgment in favor of Defendant.[7]  As noted above, it is inappropriate to pursue a motion to reconsider in order to rehash previously rejected arguments or to offer new legal theories or facts.[8]

Upon consideration of the facts and arguments presented, the Court finds Plaintiff has failed to demonstrate an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.  For these reasons, Plaintiff's Motion for Reconsideration (doc. 93) is hereby denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 15th day of August, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties

---

[7] Plaintiff also alleges in his pleading that he did not receive a copy of various pleadings and discovery in a timely fashion, but the Court finds these allegations are not substantively related to his request for reconsideration.

[8] *Achey v. Linn County Bank*, 174 F.R.D. at 490.